■ In the Matter of DUNCAN G. CAMERON, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [952 NYS2d 906]—

Per Curiam. Respondent was admitted to practice by this Court in 1992 and maintained an office for the practice of law in New York City. He resides in New Jersey where he was admitted to practice in 1991.

By decision entered February 23, 2012, this Court indefinitely suspended respondent from the practice of law based upon his temporary suspension by the Supreme Court of New Jersey (*Matter of Cameron*, 92 AD3d 1201 [2012]).

Petitioner now moves for an order imposing discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19) as a result of respondent's subsequent disbarment in New Jersey. Respondent has not replied to the motion. The disbarment order of the Supreme Court of New Jersey was based upon a recommendation of its Disciplinary Review Board which found that respondent knowingly misappropriated client funds and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

Respondent, having failed to appear in this matter, has waived any available defenses (*see* 22 NYCRR 806.19 [d]; *Matter of Goodhart*, 56 AD3d 889 [2008]), and we therefore grant petitioner's motion. We further conclude that, under the circumstances presented and in the interest of justice, respondent should be disbarred in this state.

Peters, P.J., Lahtinen, Spain, Malone Jr. and Stein, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).